IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| v.                                                   ) | CRIMINAL CASE NO. |
| ) | 1:22-cr-00307-MHC-LTW |
| KEHBILA LIMA,                             ) | |
|     Defendant.                ) | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECCOMMENDATION AND ORDER CERTIFYING CASE READY FOR TRIAL**

This matter is before the Court on Defendant Kehbila Lima's Motion to Strike Surplusage. [Doc. 21]. The Government has filed a response in opposition to Defendant's Motion. [Doc. 23]. For the reasons provided below, the undersigned **RECOMMENDS** that Defendant's Motion to Strike Surplusage [Doc. 21] be **DENIED**.

**I.  BACKGROUND**

On August 23, 2022, a grand jury in the Northern District of Georgia returned a seven-count indictment against Defendant alleging he devised a scheme to defraud National Cash Register ("NCR") of money and property by fraudulently completing and submitting wire request forms that caused NCR to pay approximately $994, 656.45

to a Wells Fargo bank account controlled by Defendant when he knew he was not entitled to payments from NCR in violation of 18 U.S.C. § 1343. [Doc. 1]. In the Indictment's description of the scheme to defraud, under Paragraph 3 subsection c, the Indictment states: "In furtherance of the scheme, after receiving the fraudulent payments that Defendant LIMA caused NCR to initiate to his Wells Fargo bank account #1488, he then transferred thousands of dollars via Zelle to other bank accounts and transaction service applications such as PayPal and Cash app controlled by him." [Doc. 1 at 3]. The Indictment further states in Paragraph 3 subsection d, "As part of the fraudulent scheme, Defendant LIMA also made numerous purchases of luxury goods, hotel stays, and meals, among other things." (Id.). Defendant moves to strike the aforementioned language as surplusage.

## II.  APPLICABLE LAW

Rule 7(d) of the Federal Rules of Criminal Procedure provides that, "upon the defendant's motion, the court may strike surplusage from the indictment or information." To strike surplusage, a defendant must satisfy a two-prong test. United States v. Anyanwu, No. 1:12-CR-190-TWT-ECS, 2013 WL 1558712, at *4 (N.D. Ga. Mar. 12, 2013), *report and recommendation adopted*, 2013 WL 1561011 (N.D. Ga. Apr. 12, 2013). First, the defendant must show that the language he seeks to strike is

2

not relevant to the charges against him. See United States v. Williams, 2008 WL 4867748, at *3 (S.D. Fla. Nov. 10, 2008). Second, the defendant must show that the challenged language is unfairly prejudicial and inflammatory. Id. Because Rule 7(d) is permissive and not mandatory, the Rule "is strictly construed against striking surplusage." United States v. Delgado, 2018 WL 3029282, at *5 (M.D. Ala. Apr. 20, 2018). Indeed, "[a] motion to strike surplusage from an indictment should not be granted '*unless it is clear* that the allegations are not relevant to the charge *and* are inflammatory and prejudicial." United States v. Brye, 318 F. App'x 878, 880 (11th Cir. 2009) (quoting United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992) (emphasis added)). "'This is a most exacting standard.'" Id. The Court may also reserve ruling on a motion to strike surplusage until hearing the evidence and determining its relevance at trial. See Awan, 966 F.2d at 1426.

### III.   LEGAL ANALYSIS

Defendant requests, pursuant to Federal Rules of Criminal Procedure 7(d), that the Court strike portions of the Indictment as surplusage. Specifically, Defendant without specificity, argues that Paragraph 3 subsections c and d of the Indictment should be stricken because the language provided therein is irrelevant to the charges and prejudicial. [Doc. 21 at 2]. In support, Defendant points to other language in the

3

Indictment stating that "object" of the fraudulent scheme was to "unjustly enrich himself at the expense of his employer, NCR"; describing the "execution" of the scheme; and listings specific wire transactions from NCR to Defendant's bank account. [Doc. 1 at 4-5]. Because the alleged object of the scheme is Defendant enriching himself and each wire transfer to Wells Fargo is how the scheme was executed and completed, Defendant contends that factual allegations in the Indictment regarding where he allegedly transferred the funds after the fraud was completed or how he allegedly used those funds are irrelevant, unnecessary, and would prejudice him at trial. In opposition, the Government argues Defendant has failed to establish that the challenged allegations lack relevancy to the charged offenses and are unfairly prejudicial or inflammatory. [Doc. 23 at 4]. The Government is correct.

The undersigned does not believe that Defendant's blanket request without more specificity meets the "exacting standard" required by Eleventh Circuit precedent. Notably, Defendant failed to provide any argument as to why the factual allegations are unfairly prejudicial[1] or inflammatory. Despite Defendant's cursory argument

---

[1] Because the Government asserts that it expects trial evidence to prove Defendant's transfer and use of the fraudulent funds (Doc. 23 at 3), the Court is unable conclude at this juncture that the factual allegations at issue are surplusage. See United States v. Kelley, 2009 WL 2176347, at *2 (S.D. Ala. July 17, 2009) ("If the language in the indictment is information which the government hopes to properly prove at trial,

4

regarding relevancy, the factual allegations provided in Paragraph 3 subsections c and d of the Indictment appear to be relevant to the Government's contentions regarding Defendant's criminal conduct.

A conviction for wire fraud requires that the Government prove beyond a reasonable doubt that the Defendant (1) participated in a scheme or artifice to defraud, (2) with intent to defraud, and (3) used, or caused the use of, interstate wire transmissions for the purpose of executing the scheme or artifice to defraud. United States v. Machado, 886 F.3d 1070, 1082–83 (11th Cir. 2018). An intent to defraud for purposes of wire fraud may be inferred from defendant's conduct. United States v. Maxwell, 579 F.3d 1282, 1301 (11th Cir. 2009). "Evidence that a defendant personally profited from a fraud may provide circumstantial evidence of an intent to participate in that fraud." United States v. Culver, 822 F. App'x 976, 980 (11th Cir. 2020) (quoting United States v. Naranjo, 634 F.3d 1198, 1207 (11th Cir. 2011)). Thus, factual allegations regarding where Defendant allegedly transferred funds received from the alleged wire fraud and how he used those funds are relevant as to Defendant's intent and show that the transactions were not for legitimate NCR business.

---

it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant).

Lastly, the Government notes that a challenge to factual allegations in the Indictment, at this stage is, at best premature. [Doc. 23 at 3]. The Government is correct. However, because Defendant failed to offer any reasons supporting the motion to strike, such as, why the factual allegations as to where Defendant transferred the alleged fraudulently obtained funds and what he did with those funds is prejudicial or inflammatory, and he failed to establish why these allegations are not relevant to the charges in the indictment, the Court finds that Defendant's motion to strike is due to be denied. See United States v. Salvagno, 306 F. Supp. 2d 258, 268 (N.D. N.Y. 2004) ("[I]f evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken.") (citations and internal quotation marks omitted).

Accordingly, the Court recommends that the motion to strike be denied, and that any reconsideration of the motion occur after introduction of the Government's evidence at trial. See Kelley, 2009 WL 2176347, at *2 ("After the court has heard all the evidence, the defendants may make a motion to reconsider this ruling as to specific surplus language that they contend is unfairly prejudicial and inflammatory); United States v. Alexander, 2008 WL 2130185, at *4 (W.D. La. May 18, 2008) (noting, to the extent the defendant contends some of the allegations in the indictment are not

admissible, the court may address these concerns by summarizing the indictment for the jury, instead of reading it, at the beginning of trial, and to the extent evidence is held inadmissible, related allegations in the indictment can be stricken before the indictment is provided to the jury for deliberations).

IV. **CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's Motion to Strike Surplusage [Doc. 21] be **DENIED**.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this action be and the same is hereby declared **CERTIFIED READY FOR TRIAL**.

**SO ORDERED**, this 19th day of January, 2023

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

7