IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION FILE |
| KEHBILA LIMA, | NO. 1:22-CR-307-MHC-LTW |
| Defendant. | |

**ORDER**

This action comes before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge Linda T. Walker [Doc. 25] recommending that Defendant Kehbila Lima ("Lima")'s Motion to Strike Surplusage [Doc. 21] be denied. The Order for Service of the R&R [Doc. 26] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. On February 2, 2023, Lima filed his Objections to the R&R ("Def.'s Objs.") [Doc. 28].

**I.   LEGAL STANDARD**

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings

or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citations omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CRIM. P. 59(a). In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a de novo review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. DISCUSSION

Lima has been indicted on seven counts of wire fraud in violation of 18 U.S.C. § 1343. Criminal Indictment [Doc. 1]. The indictment details an alleged

scheme devised by Lima to defraud his employer, National Cash Register Corporation, to embezzle over $900,000 through the preparation and submission of fraudulent wire request forms. Id. at 2-3. In a portion of the indictment labeled "The Scheme and Artifice to Defraud," it is alleged, in part, as follows:

> c. In furtherance of the scheme, after receiving the fraudulent payments that Defendant LIMA caused NCR to initiate to his Wells Fargo bank account #1488, he then transferred thousands of dollars via Zelle to other bank accounts and transaction service applications such as PayPal and Cash app controlled by him.
>
> d. As part of the fraudulent scheme, Defendant LIMA also made numerous purchases of luxury goods, hotel stays, and meals, among other things.

Id. at 3. Lima contends that this language is not relevant to the charges against him and would prejudice him at trial. Mot. to Strike Surplusage at 2-3.

In the R&R, the Magistrate Judge states that Lima's "blanket request, without more" does not meet the "exacting standard" required by the Eleventh Circuit to strike the requested language, that the allegations are relevant to the charges in the indictment, and that Lima's challenge is premature prior to the introduction of the Government's evidence at trial. R&R at 4-6. In his objections, Lima repeats his original grounds for striking the requested language. Def.'s Objs.

Rule 7(d) of the Federal Rules of Criminal Procedure provides that, "Upon defendant's motion, the court may strike surplusage from the indictment . . . ."

3

FED. R. CRIM. P. 7(d). "A motion to strike surplusage from an indictment should not be granted unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. . . . [T]his is a most exacting standard." United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992) (citations and internal quotation marks omitted). The Eleventh Circuit has suggested that, in order to determine whether the allegations are relevant to the charges and evidence introduced at trial, "it is proper to reserve ruling on a motion to strike surplusage until the trial court has heard evidence that will establish the relevance of the allegedly surplus language . . . ." Id.

This Court agrees with the Magistrate Judge that, at this stage of the proceedings, the quoted language appears to be relevant to the charges against Lima and it is unclear how the challenged allegations, if proven, would be inflammatory or prejudicial. That said, the Court will permit Lima to renew his motion after the introduction of the Government's evidence at trial. See United States v. Kelley, No. 08-00327-CG, 2009 WL 2176347, at *2 (S.D. Ala. July 17, 2009) ("After the court has heard all the evidence, the defendants may make a motion to reconsider this ruling as to specific surplus language that they contend is unfairly prejudicial and inflammatory.").

## III. CONCLUSION

Accordingly, after a de novo review of those portions of the R&R to which Lima objects, the Court **OVERRULES** the objection [Doc. 28]. Finding no clear error in the remaining portions of the R&R, the Court **ADOPTS** the R&R [Doc. 25] as the Opinion and Order of the Court.

It is hereby **ORDERED** that Defendant Kehbila Lima's Motion to Strike Surplusage [Doc. 21] is **DENIED**. Lima may renew his motion after the Government presents its evidence at trial.

It is further **ORDERED** that the time between the date the Magistrate Judge certified Defendant ready for trial on January 19, 2023, and the issuance of this Order, shall be excluded in calculating the date on which the trial of this case must commence under the Speedy Trial Act because the Court finds that the delay is for good cause, and the interests of justice in considering Defendant's objections to the Report and Recommendation outweigh the right of the public and the right of the Defendant to a speedy trial, pursuant to 18 U.S.C. §§ 3161(h)(1)(D) and (h)(7)(B)(iv).

**IT IS SO ORDERED** this 8th day of February, 2023.

_____
MARK H. COHEN
United States District Judge

5